■ In the Matter of KARL W., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Schechter, J.), dated February 14, 1991, which, upon a fact-finding order of the same court, dated October 5, 1990, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of sodomy in the first degree, sexual abuse in the first degree (three counts), and menacing, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Division of Youth for a period of up to 8 months. The appeal brings up for review the fact-finding order dated October 5, 1990.

Ordered that the order of disposition is reversed, as a matter of discretion in the interests of justice, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

The appellant was charged with 11 counts including sodomy in the first degree, attempted aggravated sexual abuse, assault in the second degree, attempted assault in the second degree, sexual abuse in the first degree (three counts), unlawful imprisonment in the first degree, assault in the third degree, and menacing (two counts). The complainant, a 22-year-old man with a learning disability, testified that the appellant, an 11-year-old boy, and the appellant's 13-year-old brother, forced him to their apartment, kicked him, punched him, tied his hands, beat him with an iron pipe and a three-foot wooden stick, sodomized him, and shaved his head and eyebrows. When the complainant left the apartment, he found a police officer and complained. The police officer took the complainant to a hospital, where he was cursorily examined and released. The medical records indicated only a mildly contused ankle The police officer testified that he recalled nothing out of the

ordinary about the condition of the complainant's eyebrows. No evidence was submitted by the presentment agency other than the testimony of the complainant and a woman to whom the complainant told his story shortly after the time of the alleged events. No physical evidence of any kind was recovered. The Family Court dismissed all the assault-related counts and found the appellant guilty of the sodomy, sexual abuse, and menacing counts. Since the only part of the complainant's testimony that could have been verified finds no support in the testimony of the disinterested witnesses, the complainant's testimony lacks credibility. Therefore, we find that the determination was contrary to the weight of the evidence (see, CPL 470.15 [5]). Mangano, P. J., Thompson, Bracken and Lawrence, JJ., concur.